UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALONZO HARRIS,

                                        Plaintiff,

                        -against-

ENTERPRISE HOLDING INC. et al.,

                                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2024

24-CV-05634 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

 The Complaint in this case was filed on July 22, 2024. *See* Dkt. No. 1. Additionally, summonses were issued as to both Defendants on August 7, 2024. *See* Dkt. No. 7. Because the Plaintiff is *pro se* and proceeding *in forma pauperis*, the Plaintiff is entitled to rely upon the U.S. Marshals Service to effectuate service of process of the Complaint and summons upon the Defendants, but is nonetheless responsible for ensuring that process is timely served. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3). The Court previously issued an order directing that if the Complaint was not served within 90 days after the date summonses were issued, the Plaintiff should request an extension of time for service. *See* Dkt. No. 6.

 More than 90 days have passed since summonses were issued, but the docket does not reflect that the Complaint was served on either Defendant. On October 25, 2024, a process receipt and return by the U.S. Marshals Service was filed, indicating that the Marshals attempted to serve Defendant Enterprise Holdings, Inc. at the address provided by Plaintiff. *See* Dkt. No. 9. Specifically, the document indicates that the Marshals attempted service on October 23, 2024, at 9:00 a.m., but the homeowner at the address stated that Defendant Enterprise Holdings, Inc. was not at the address. *See id.* The docket does not reflect that any service of process has been attempted on Defendant Enterprise Car Rental.

 Accordingly, it is hereby ORDERED that the Plaintiff must file a letter on the docket that (1) provides a correct address for service on Defendant Enterprise Holdings, Inc.; and (2) requests an extension of the time for service of process of the summonses and Complaint on both of the Defendants.

 If the Plaintiff does not file such a letter by **December 6, 2024**, the Court will dismiss the case without further notice to any party for failure to prosecute.

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff.

Dated: November 12, 2024
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge