UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALONZO HARRIS,

                Plaintiff,

-against-

ENTERPRISE HOLDING INC. and ELRAC, LLC,

                Defendants.

24-CV-05634 (MMG)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/16/2025

MARGARET M. GARNETT, United States District Judge:

    Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action on July 22, 2024. By order dated December 20, 2024, which was mailed to the home address that Plaintiff provided to the Court, the Court scheduled a conference on January 15, 2025. *See* Dkt. No. 17.[1] In spite of this order, Plaintiff did not appear at the conference. The Court waited for approximately 25 minutes past the scheduled time to begin the conference and attempted unsuccessfully to contact Plaintiff multiple times by calling the phone number Plaintiff has listed on the docket. Plaintiff is warned that the Court may dismiss the case under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to appear at future conferences scheduled by the Court or fails to comply with Court orders. A court reporter was present at the conference, and Plaintiff is notified that he may order a copy of the transcript of the conference if he wishes to do so.

    In addition, for the reasons set forth below, the Court directs the Plaintiff to file a letter on the docket by **February 14, 2025,** showing cause why this action should not be dismissed as time barred and for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

    The Court must dismiss a complaint filed *in forma pauperis* ("IFP") that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court must construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them "to raise the strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal references omitted) (emphasis omitted).

## BACKGROUND

    On July 22, 2024, Plaintiff initiated this action by bringing a complaint against Defendants Enterprise Holding, Inc. and Enterprise Car Rental. *See* Complaint, Dkt. No. 1 ("Complaint"), at 8. Subsequently on December 4, 2024, based on a representation by Defendants, the Court

---

[1] Additional communications were also mailed to the Plaintiff at this address, without being returned. *See* Dkt. Nos. 8 (Information Package), 10 (Order re: service), 14 (Order re: Defendants' time to respond).

directed substitution on the docket of "Enterprise Car Rental" with Defendant ELRAC, LLC. *See* Dkt. No. 14.

Plaintiff, in support of his complaint in this action, attached to his pleading a complaint that Plaintiff appears to have filed as a complainant before the New York City Commission on Human Rights ("NYCCHR") in February 2021; the facts alleged in that administrative complaint are presented in support of Plaintiff's instant complaint. Complaint at 8–10. Plaintiff, who is African American, alleges that on or around November 27, 2019, he went to rent a car at an Enterprise facility in the Bronx, New York, "when it was about to close." *Id.* at 8. The employee assisting Plaintiff told him that he "needed to provide additional documents to complete the transaction." *Id.* at 8–9. Plaintiff told the employee that he needed to retrieve the documents from his car, which was parked outside the facility. *Id.* at 9. When Plaintiff returned approximately two minutes later with the documents, a different employee—who Plaintiff later identified as the manager and who was a white male—"refused to allow [Plaintiff] back into the [facility] to complete his transaction" and spoke very disrespectfully to Plaintiff. *Id.* On or about November 29, 2019, Plaintiff "contacted Enterprise's escalation department to complain that [the manager] had discriminated against him by refusing to allow him to rent a car." *Id.* Plaintiff was informed that his complaint would be investigated, but Plaintiff never heard back. *Id.*

On or about May 22, 2020, Plaintiff attempted to rent a car from Alamo Rent-A-Car— "which is affiliated with [] Enterprise]—at the Miami International Airport, but he was informed "that his name had been placed on the 'do not rent list' or words to that effect" because "Enterprise had requested that his name be placed on that list." *Id.* On or about June 12, 2020, Plaintiff called "Enterprise's escalation department" and reported that "he had been discriminated against while trying to rent a car from Alamo and that he had previously lodged a complaint against the [Enterprise facility]." *Id.* He was informed that his previous complaint could not be located. *Id.* Plaintiff subsequently then contacted or attempted to contact Defendants several other times. *Id.*

The NYCCHR administratively closed Plaintiff's complaint on September 26, 2023. *Id.* at 22–27.

## DISCUSSION

Plaintiff did not specify a cause of action or any basis for jurisdiction. Because Plaintiff asserts that Defendants discriminated against him in a commercial transaction based on his race, the Court construes the complaint as potentially asserting claims under 42 U.S.C. § 1981 ("Section 1981") or Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a) ("Section 2000a").

### Section 1981

The statute of limitations for a Section 1981 claim brought in New York is three years. *See Hernandez v. City of New York*, No. 21-cv-2397 (LGS), 2022 WL 2047577, at *3 (S.D.N.Y. June 7, 2022). In some cases, where the Section 1981 claim is based on a discriminatory contract, the statute of limitations is four years. *See id n.2.*; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004). Here, the three-year statute of limitations appears to apply, but regardless of whether the three-year period or the four-year period applies, and regardless of whether the Court calculates the statute of limitations from November 27, 2019 (when Plaintiff was unable to rent a

car at Defendants' facility), from November 29, 2019 (when he reported the incident), or from May 22, 2020 (when he discovered he was placed on a "do not rent list" that might apply at other Enterprise/Alamo locations), the statute of limitations had passed when Plaintiff commenced this action on July 22, 2024.  Moreover, the statute of limitations was not tolled when Plaintiff was engaged in the NYCCHR administrative proceeding.  *See, e.g.*, *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 466 (1975); *Tuckett v. Police Dep't of City of New York*, 708 F. Supp. 77, 78 (S.D.N.Y. 1989).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed.  *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).  Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.  *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).

The face of the complaint indicates that this action is time barred, and Defendants have made clear that they will not waive this affirmative defense.  *See* Dkt. No. 15.  Because there is nothing in the complaint suggesting that tolling of Plaintiff's claim is appropriate, the Court is inclined to dismiss the claim as time barred.  However, in light of Plaintiff's status as a self-represented litigant and in an abundance of caution, the Court grants Plaintiff 30 days—until **February 14, 2025**—to show cause in writing to the Court as to why this claim should not be dismissed as time barred.

### Section 2000a

Section 2000a prohibits discrimination with respect to the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation" on the basis of "race, color, religion, or national origin."  42 U.S.C. § 2000a(a).  The statute enumerates establishments that are considered a "place of public accommodation."  *See* 42 U.S.C. § 2000a(b).  This list, which is considered "exhaustive, not illustrative," *Alexander v. JP Morgan Chase Bank, N.A.*, No. 19-cv-10811 (OTW), 2021 WL 1061833, at *3 (S.D.N.Y. Mar. 18, 2021), is limited to: "(1) a lodging for transient guests located within a building with more than five rooms for rent; (2) a facility principally engaged in selling food for consumption on the premises, including such facilities located within retail establishments and gasoline stations; (3) any place of exhibition or entertainment; (4) any establishment located within an establishment falling into one of the first three categories, and which holds itself out as serving patrons of that establishment; or (5) any establishment that contains a covered establishment, and which holds itself out as serving patrons of that covered establishment."  *Renxiong Huang v. Minghui.org*, No. 17-cv-5582 (ER), 2018 WL 3579103, at *3 (S.D.N.Y. July 25, 2018) (internal references omitted).  A car rental facility does not fall within the enumerated list.

Because the Court must dismiss an IFP complaint that fails to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B); *Livingston*, 141 F.3d at 437, the Court is inclined to dismiss this potential claim as well.  However, the Court grants Plaintiff 30 days—until **February 14, 2025**—to show cause in writing to the Court why this claim should not be dismissed for failure to state a claim upon which relief can be granted.

**CONCLUSION**

The Court grants Plaintiff leave until **February 14, 2025,** to file a letter on the docket showing cause why this Court should not dismiss this action as time barred and for failure to state a claim upon which relief can be granted. If Plaintiff does not file a letter, or his letter does not address the issues raised by the Court in this order or provide any viable reason why the action should not be dismissed, the action will be dismissed in its entirety. In light of this directive, the deadline for Defendants to answer or respond to the complaint is STAYED.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

Dated: January 16, 2025
    New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge