USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/9/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALONZO HARRIS,

                Plaintiff,

        -against-

ENTERPRISE HOLDING INC. et al.,

                Defendants.

24-CV-05634 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Plaintiff, proceeding *pro se* and in *forma pauperis*, commenced this action on July 22, 2024. After failing to appear at a Court-ordered conference, Plaintiff has again failed to comply with a Court order by neglecting to file a letter showing cause why his case should not be dismissed as time barred and for failure to state a claim. For the reasons that follow, this action is dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      By order dated December 20, 2024, which was mailed to the home address that Plaintiff provided to the Court, the Court scheduled a conference on January 15, 2025. *See* Dkt. No. 17. After Plaintiff failed to appear, the Court warned Plaintiff that "the Court may dismiss the case under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to appear at future conferences scheduled by the Court or fails to comply with Court orders." Dkt. No. 19 at 1. Noting fatal defects in Plaintiff's complaint, the Court also ordered Plaintiff to file a letter on the docket showing cause why his action should not be dismissed as time barred and for failure to state a claim upon which relief can be granted. *See id.* at 4. The Court explicitly warned Plaintiff that if "Plaintiff does not file a letter, or his letter does not address the issues raised by the Court in [its] order or provide any viable reason why the action should not be dismissed, the action will be dismissed in its entirety." *Id.* The Court subsequently extended the deadline for Plaintiff's letter to March 14, 2025, at Plaintiff's request, but again warned Plaintiff that if he failed to submit a letter, "the action will be dismissed in its entirety." Dkt. No. 23.

## DISCUSSION

      Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte*

for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). As "no one factor is dispositive," courts need only provide an explanation for the dismissal rather than consider each factor. *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001).

The relevant factors weigh strongly in favor of dismissal. Nearly four months have passed since the deadline for Plaintiff's letter, and not only has Plaintiff failed to file the letter, he has made no communication whatsoever to the Court. The Court's orders were clear—failure to comply would result in dismissal of Plaintiff's action in its entirety. Furthermore, as the Court has already noted, Plaintiff's complaint appears fatally deficient on its face, meaning the Court's interest in managing its docket far outweighs Plaintiff's interest in receiving more chances to be heard. For the same reasons, continuation of the case would prejudice Defendants, and no sanction short of dismissal would be fruitful.

## CONCLUSION

For all of the reasons stated above, and those previously noted on the record at the January 2025 conference, it is hereby ORDERED that this case is dismissed without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to CLOSE the case.

Dated: July 9, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge